# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

**FILED**

**October 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **REGINALD HENDRIX,** | ) | |
| | ) | **C.C.A. NO. 01C01-9708-CR-00343** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. THOMAS SHRIVER,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**JOHN B. BLAIR, III**                    **JOHN KNOX WALKUP**
211 Union St., Suite 915                Attorney General & Reporter
Nashville, TN 37201

                                        **LISA A. NAYLOR**
                                        Asst. Attorney General
                                        John Sevier Bldg.
                                        425 Fifth Ave., North
                                        Nashville, TN 37243-0493

                                        **VICTOR S. JOHNSON, III**
                                        District Attorney General

                                        **MARY HAUSMAN**
                                        Asst. District Attorney General
                                        222 Second Ave., North, Suite 500
                                        Nashville, TN 37201-1649


OPINION FILED:_____


**REVERSED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner filed a petition for post-conviction relief, arguing that but for his attorney's failure to advise him of his right to appeal after the sentencing hearing, he would have appealed from the sentence imposed and likely succeeded. Following a hearing, the trial court denied the petition, and the petitioner now appeals. After a review of the record, we agree with the petitioner and reverse the action of the trial court.

The petitioner was charged with and pled guilty to several counts of aggravated assault, aggravated burglary, and burglary. For one of the aggravated burglary counts, the trial court ordered the petitioner to successfully complete the Lifeline drug treatment program and imposed a one-year sentence of incarceration to be served day-for-day. By agreement, the trial court postponed sentencing on the remaining counts, stating that it would sentence the petitioner to concurrent sentences on the remaining counts if he successfully completed the Lifeline program and maintained a "good institutional record." At the time of this hearing, the petitioner was represented by Mr. David Baker of the Public Defender's Office in Nashville.

After the petitioner was released early from jail to the Community Corrections program, and while his sentencing hearing on the remaining charges was still pending, the petitioner committed other crimes. When the petitioner appeared in court for sentencing on the remaining charges,[1] Mr. Paul Newman, also of the Public Defender's Office in Nashville, appeared on behalf of the petitioner because Mr. Baker had been transferred to another court. At this second sentencing hearing, the trial court imposed consecutive sentences on the remaining counts. The defendant did not appeal from these sentences, and the record in this case does not contain a written waiver of appeal pursuant to Tennessee Rule of Criminal Procedure 37(d).

The petitioner filed a petition for post-conviction relief, which has

---

[1]The petitioner was sentenced separately on the crimes he committed while released. These sentences are not involved in the instant petition for post-conviction relief.

subsequently been amended to allege that Mr. Newman was ineffective for failing to inform him of his right to appeal from the consecutive sentences imposed on the remaining charges. A post-conviction hearing was held, at which the petitioner testified that Mr. Newman never informed him of his right to appeal and that if he had, he would have appealed. Mr. Newman also testified at the hearing. He testified that prior to the sentencing hearing, he told the petitioner that he would probably receive consecutive sentences and the petitioner responded that he wanted to appeal. To that, Mr. Newman told him that if he wanted to appeal, he needed to contact to Mr. Baker. After the sentencing hearing, Mr. Newman had no contact with the petitioner at all, even though he admitted that the Public Defender's Office was the petitioner's court-appointed attorney and that he was assigned to represent the petitioner's interests at that time. However, he did talk with Mr. Baker, informing Mr. Baker of what he told the petitioner and that the petitioner would likely be getting in touch with him. Mr. Baker testified that he did not recall advising the petitioner of his right to appeal or talking to the petitioner about whether he wanted to appeal. After hearing this testimony, the trial court found, inter alia, that the petitioner was aware of his right to appeal and that his failure to appeal was due to his own neglect.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the petitioner's attorney, Mr. Newman, are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Defense counsel has an affirmative duty to advise his or her client of the right to appeal a sentence, and the failure to do so constitutes deficient performance. Garvin Shepherd v. State, C.C.A. No. 01C01-9303-CR-00080, Davidson County (Tenn. Crim. App. filed March 17, 1994, at Nashville). Moreover, counsel for a defendant with a right

3

to appeal from a judgment of conviction must either timely file a notice of appeal or a written waiver of appeal signed by the defendant. Tennessee Rule of Criminal Procedure 37(d). Failure to file a written waiver of appeal does not render a judgment invalid if the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive that right. See Dale M. Jenkins v. State, C.C.A. No. 01C01-9405-CR-00156, Montgomery County (Tenn. Crim. App. filed April 13, 1995, at Nashville); see also Rainer v. State, 958 S.W.2d 356 (Tenn. Crim. App. 1997).

Here, the evidence shows that Mr. Newman talked to the petitioner prior to the sentencing hearing about his right to appeal and that he knew the petitioner wanted to appeal his sentence if he received consecutive sentences. However, after the trial court imposed consecutive sentences, Mr. Newman failed to discuss with the petitioner whether he had changed his mind or whether he still wanted to appeal his sentence, even though he was the attorney assigned to represent the petitioner's interests. Instead, Mr. Newman inexplicably referred the petitioner to Mr. Baker, who was no longer assigned to represent the petitioner. Mr. Newman never communicated with the petitioner after the sentencing hearing and no written waiver of appeal appears in the record. Under these circumstances, the petitioner should have been granted a delayed appeal. See, e.g., Charles Harrill v. State, C.C.A. No. 03C01-9605-CC-00185, Blount County (Tenn. Crim. App. filed June 18, 1997, at Knoxville); Mark W. Rawlings v. State, C.C.A. No. 02C01-9504-CR-00112, Shelby County (Tenn. Crim. App. filed April 17, 1996, at Jackson). The petitioner need not show prejudice before being granted such relief. State v. Lester D. Herron, C.C.A. No. 03C01-9109-CR-00284, Hawkins County (Tenn. Crim. App. filed March 10, 1992, at Knoxville). Therefore, of course, in no way do we address the merits of such appeal before granting this relief. See, e.g., id.; Pinkston v. State, 668 S.W.2d 676 (Tenn. Crim. App. 1984). The trial court's denial of the petition for post-conviction

4

relief is reversed and the petitioner is granted a delayed appeal of the sentences imposed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
DAVID G. HAYES, Judge